UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAYWOOD MACK ROSS, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-2347 |
| | § | |
| HOUSTON COMMUNITY COLLEGE SYSTEM, | § | |
| *et al.*, | § | |
|     *Defendants*. | § | |

**Memorandum, Recommendation and Order**

This case is before the court on defendant Houston Community College's (HCC) partial motion to dismiss and motion for more definite statement (Dkt. 13).

HCC moves to dismiss Ross's claims brought under Title VII and the Age Discrimination in Employment Act (ADEA). Title VII and the ADEA create remedies for an employee suing an employer for discrimination. *See* 42 U.S.C. § 2000e *et seq.* (Title VII); 29 U.S.C. § 621 *et seq.* (ADEA). Ross alleges he was a student at HCC; he does not allege he was an employee. Therefore, Ross cannot state a claim under those federal statutes and the court recommends such claims be dismissed.

Ross's complaint does not comply with Federal Rule of Civil Procedure 8, which requires a short, concise statement of the facts that support a plaintiff's claim for relief. Ross

contends that he should be allowed creative freedom in drafting his complaint.[1] Creativity is not prohibited, but may not be exercised at the expense of brevity and clarity.

Ross's complaint must clearly state the nature of his claim and the basis for his assertion that a named defendant is liable to him. He should not reference his evidence or make argument in his complaint. Ross complains that he is not allowed to take classes at HCC. The court interprets plaintiff's confusing, ambiguous complaint as attempting to state claims for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 (ADA), and 42 U.S.C. § 1983.

If Ross intends to assert an ADA claim, he must be able to allege truthfully: (1) that he has a disability that meets the definition of "disability" in the ADA; (2) that the defendant has discriminated against him by preventing him from taking part in the services offered by that defendant; and (3) that the defendant has discriminated against Ross because of his disability. *See Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004). Ross must state clearly in his complaint what defendant or defendants he is suing under the ADA, and make specific allegations as to exactly what action by each specific defendant constitutes a violation of the ADA.

If Ross intends to assert a claim under § 1983, he must state clearly what constitutional right he believes HCC, or another defendant, has violated. Ross must state

---

[1] Plaintiff's response (Dkt. 14) references the standards for expulsion under the Lamar Consolidated Independent School District's Student Code of Conduct. Plaintiff's response typifies the type of irrelevant, extraneous material plaintiff insists on injecting into this case.

clearly what defendant or defendants he is suing under § 1983, and make specific allegations as to exactly what act by a specific defendant constitutes a violation of his constitutional rights.

Similarly, if Ross intends to assert a claim under any other law or statute, he must state clearly what law or statute he believes has been violated, what defendant has violated that law or statute, and exactly what act by that defendant constitutes a violation of the law or statute.

It is therefore ORDERED that Ross shall file an amended complaint complying with Rule 8 of the Federal Rules of Civil Procedure and the directions contained in this Order on or before November 15, 2005.

The court further recommends that HCC's motion to dismiss be granted and Ross's claims under Title VII and the ADEA be dismissed. The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. PRO. 72.

Signed at Houston, Texas on October 18, 2005.

_____
Stephen Wm Smith
United States Magistrate Judge